**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BARRY N. NIXON, SR.,

    Petitioner - Appellant,

v.

DAWN HILTON, Colonel,
Commandant USDB-Leavenworth,

    Respondent - Appellee.

No. 19-3002
(D.C. No. 5:18-CV-03139-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves timeliness of a criminal charge against a servicemember, Mr. Barry N. Nixon, Sr. Mr. Nixon was tried in a general court-martial and found guilty of rape. He sought habeas relief, arguing that the charge was untimely.

---

[*]    We conclude that oral argument would not materially help us to decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

To decide this claim, we must decide what the limitations period is: Mr. Nixon contends that the limitations period is five years; and the government contends that there is no limitations period, allowing the government to bring the charge at any time.

The charge was brought roughly five years and nine months after the last alleged rape. At the time of the rapes, the pertinent statute provided that for any crime punishable by death, no limitations period existed. 10 U.S.C. § 843(a) (1986). For all other crimes, the limitations period was five years. 10 U.S.C. § 843(b)(1) (1986). So was rape punishable by death? If it was, no limitations period existed.[1]

By statute, rape was punishable by death. 10 U.S.C. § 920(a) (1996). But the Supreme Court had held that the Constitution prohibited the death penalty for a rape that doesn't result in death. *Coker v. Georgia*, 433 U.S. 584, 598 (1977). Based on this constitutional prohibition, the Court of Appeals for the Armed Forces held in *United States v. Mangahas* that the limitations period for rape was five years. 77 M.J. 220, 222 (C.A.A.F. 2018).

But *Mangahas* was decided on direct appeal, and Mr. Nixon is collaterally challenging his conviction through a habeas petition. So the

---

[1] After the alleged rapes, Congress changed the law, clarifying that no limitations period existed for rape or any other offense punishable by death. 10 U.S.C. § 843(a), (b)(1) (2006).

2

district court (naturally) considered whether *Mangahas* applied retroactively to cases on collateral review. On that question, the district court answered "no," concluding that no limitations period existed for the criminal charge.

But the law changed during the pendency of the appeal, with the Supreme Court abrogating *Mangahas*. In abrogating *Mangahas*, the Supreme Court reasoned that the military limitations period bases the possibility of the death penalty on the statutory penalty rather than case law addressing the constitutionality of a death sentence. *United States v. Briggs*, 19–108, 2020 WL 7250099, at *2 (U.S. Dec. 10, 2020).[2] Because the statute authorizes the death penalty for rape, no limitations period existed. *United States v. Briggs*, 19–108, 2020 WL 7250099, at *2 (U.S. Dec. 10, 2020).

Given the absence of a limitations period, the government could charge Mr. Nixon at any time for the rapes. We thus affirm the denial of habeas relief.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[2]  We had abated the appeal during the pendency of *United States v. Briggs*. Because the opinion has now issued, we lift the abatement.